UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAN THOMAS RIGBY,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF ORANGE, et al.,<br><br>Defendants. | Case No. SACV10-695-CJC (DTB)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT |

On November 3, 2011, plaintiff filed a Motion Requesting the Court Grant Default Judgment Against Non-Responsive Defendants ("Motion"). On November 15, 2011, defendants County of Orange, Sheriff Sandra Hutchens, Deputy Fischer, Dr. Kao and Dr. Ernest R. Williams (collectively referred to herein as "defendants") filed an Opposition ("Opp.") to the Motion as well as a Request for Sanctions against plaintiff for an amount not less than $800.00. On December 2, 2011, plaintiff filed his Reply.

**FACTUAL BACKGROUND**

On May 28, 2010, plaintiff lodged for filing his Complaint in this action. On June 17, 2010, plaintiff's request to proceed without the prepayment of the filing fee

1

was granted and the Complaint was filed. Plaintiff named the following defendants in his Complaint: The County of Orange, California ("County"); Orange County Sheriff Sandra Hutchens ("Hutchens"); three unnamed Orange County Sheriff Deputies, named as John Does Nos. 1, 2, 4; and an unnamed "treating" physician, named as John Doe No. 3.

In accordance with 28 U.S.C. § 1915(e)(2), the Court screened the Complaint prior to ordering service, for purposes of determining whether the action was frivolous or malicious; or failed to state a claim on which relief might be granted; or sought monetary relief against a defendant who was immune from such relief. After careful review and consideration of the allegations of the Complaint under the relevant standards, the Court found that its allegations were insufficient to state a claim on which relief might be granted for violation of plaintiff's federal civil rights.

On September 29, 2010, plaintiff filed a First Amended Complaint ("FAC") herein. Named as defendants in the FAC were County; Hutchens; Orange County Sheriff Deputies La Paz ("La Paz") and Fischer ("Fischer"); physician and surgeon, Dr. Jaya, M.D. ("Dr. Jaya"); Dr. Ernest R. Williams ("Dr. Williams"); Dr. Michael Kao, M.D. ("Dr. Kao"); an unnamed "physician's assistant" and an unnamed "nurse practitioner," named as John Does Nos. 1 & 2; and two unnamed "deputy sheriffs," named as John Does Nos. 3 & 4. (See FAC ¶¶ 14-43.)[1]

Again, in accordance with 28 U.S.C. § 1915(e)(2), the Court screened the FAC prior to ordering service and on October 15, 2010, issued an Order Directing Service of the FAC on defendants La Paz and Fischer solely in their individual capacities. Plaintiff was advised that if he desired to pursue an action against any of the other named defendants, within 30 days of the service order, plaintiff was to file a Second Amended Complaint.

---

[1] The Court notes that plaintiff failed to list C. Hsien Chiang, M.D., in the FAC as a defendant, even though he is listed in the caption.

On January 14, 2011, plaintiff filed a Second Amended Complaint ("SAC") herein. Named as defendants in the SAC were County; Hutchens; La Paz; Fischer; Dr. Williams; Dr. Jaya; Dr. Kao; two unnamed "nurse practitioners" named as John Does 1 & 2; five unnamed "deputy sheriff's and agents of sheriff and Orange County" named as John Does 3, 4, 5, 6 & 7; and four unnamed corporations (Doe Medical Business Corporation, doing business at Orange County Mail Jail; Doe Pharmacy Business Corporation; Doe Canteen Business Corporation and Doe Vocational Training Business Corporation). (See SAC ¶¶ 7-36.)[2]

Again, in accordance with 28 U.S.C. § 1915(e)(2), the Court screened the SAC prior to ordering service and on February 7, 2011, issued an Order Dismissing Second Amended Complaint With Leave to Amend. Plaintiff was advised that if he still desired to pursue this action, he was ordered to file a Third Amended Complaint within 30 days remedying the deficiencies discussed in the dismissal order.

After one extension of time, on April 27, 2011, plaintiff filed a Third Amended Complaint ("TAC"). Named as defendants in the TAC were Hutchens; County; La Paz; Fischer; four unnamed Orange County Sheriff Deputies named as John Does 1, 2, 3, & 4; Dr. Williams; Dr. Jaya; Dr. Kao; and one unnamed corporation ("Doe Canteen Business Corporation"). (See TAC ¶¶ 7-16.)[3]

Again, in accordance with 28 U.S.C. § 1915(e)(2), the Court screened the TAC prior to ordering service and on May 5, 2011, issued an Order Dismissing Third Amended Complaint With Leave to Amend. Plaintiff was advised that if he still desired to pursue this action, he was ordered to file a Fourth Amended Complaint within 30 days remedying the deficiencies discussed in the dismissal order.

---

[2] The Court notes that plaintiff failed to list C. Hsien Chiang, M.D., in the SAC as a defendant, even though he is listed in the caption.

[3] The Court notes that plaintiff also failed to list C. Hsien Chiang, M.D., in the TAC as a defendant, even though he is listed in the caption.

After one extension of time, on July 5, 2011, plaintiff filed a Fourth Amended Complaint ("4thAC"). Named as defendants in the 4thAC are Hutchens; County; La Paz; Fischer; four unnamed Orange County Sheriff Deputies named as John Does 1, 2, 3, & 4; Dr. Williams; Dr. Jaya; Dr. Kao; and one unnamed corporation ("Doe Canteen Business Corporation"). (See 4thAC ¶¶ 7-16.)[4]

Again, in accordance with 28 U.S.C. § 1915(e)(2), the Court screened the 4thAC prior to ordering service and on July 7, 2011, ordered the 4thAC served on the seven defendants named therein. (See 4thAC ¶¶ 7-16.) On July 25, 2011, plaintiff filed his Notice of Submission of Documents to the United States Marshal. The United States Marshal service began service of process by preparing waivers of service. The same were mailed out to all defendants.

On September 16, 2011, service on behalf of defendants Fischer and Hutchens was accepted. On September 19, 2011, service on behalf of defendant Dr. Kao was accepted. On October 3, 2011, defendants County, Hutchens, Fischer, Dr. Kao and Dr. Williams appeared and filed a Motion to Dismiss the 4thAC ("Motion to Dismiss"). Plaintiff filed his Opposition to the Motion to Dismiss on November 4, 2011.

## DISCUSSION

Pursuant to the Motion, plaintiff requests the Court enter default judgment against Deputy Sheriff La Paz, Dr. C. Hsien Chiang, M.D. and Dr. Jaya. (Motion at 2, 5.)

Pursuant to Fed. R. Civ. P. 55, entry of default is appropriate as to any party against whom affirmative relief is sought when such party has failed to plead or otherwise defend itself as provided by the federal rules of civil procedure. For

---

[4] The Court notes that plaintiff failed to list C. Hsien Chiang, M.D., in the 4thAC as a defendant, even though he is listed in the caption.

purposes of seeking a default, the moving party must demonstrate the failure to plead or defend the action "by affidavit or otherwise." Fed. R. Civ. P. 55(a).

Rule 12 of the Federal Rules of Civil Procedure provides that "[a] defendant must serve an answer within 20 days after being served with the summons and complaint; or if it has timely waived service under Rule 4(d), within 60 days after the request for a waiver was sent." Fed. R. Civ. P. 12(a)(1)(A).

As an initial matter, the Court notes that C. Hsien Chiang, M.D. ("Chiang") was not named as a defendant in the body of the 4thAC, and that no summons was ever prepared in his name, or served upon him. See July 11, 2011, 21 DAY Summons Issued re Fourth Amended Complaint, as to defendants County of Orange California, Fischer, Sandra Hutchens, Jaya, Michael Kao, La Paz, Ernest R Williams. Therefore, as to Chiang, the Motion is DENIED.

Further, in his Reply, plaintiff acknowledges that Dr. Jaya is not a proper defendant in this matter, and appears to indicate that he will subsequently seek to voluntarily dismiss this defendant. Regardless, plaintiff adduces no evidence that Dr. Jaya has been served with the summons and a copy of the 4thAC as required by Rule 55. As such, with respect to Dr. Jaya, the Motion is DENIED.

Finally, with respect to Deputy Sheriff LaPaz, plaintiff has adduced no evidence that this defendant has been served with the summons and complaint in this matter as required by Rule 55. Moreover, in their Opposition, defendants assert that they have no information indicating that anyone by that name was working at the Orange County Jail, or otherwise employed by County, at the time of the events described in the 4thAC. Accordingly, with respect to Deputy Sheriff LaPaz, the Motion is DENIED.

///
///
///
///

In light of plaintiff's pro-se status, as well as his assertion that he attempted to contact defendants' counsel prior to filing the Motion, but that his collect call was not accepted (see Reply at 6), defendants' Request for Sanctions is DENIED.

DATED: January 5, 2012

_____
DAVID T. BRISTOW
United States Magistrate Judge